# IN THE COURT OF APPEALS OF IOWA

No. 15-1544
Filed July 27, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOSHUA DANIELS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Boone County, Steven J. Oeth, Judge.


        A defendant appeals his conviction of domestic assault challenging the sufficiency of the evidence. **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Maria L. Ruhtenberg, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.


        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

Joshua Daniels was convicted by a jury of domestic assault as a habitual offender, as well as harassment in the first degree. He appeals claiming there was insufficient evidence to support his assault conviction because the State failed to prove the existence of a domestic relationship between himself and the victim, his mother.[1]

We review challenges to the sufficiency of the evidence for correction of errors at law. *State v. Romer*, 832 N.W.2d 169, 174 (Iowa 2013).

> In reviewing challenges to the sufficiency of evidence supporting a guilty verdict, courts consider all of the record evidence viewed in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence. We will uphold a verdict if substantial record evidence supports it.

*Id.*

Daniels lived in a camping trailer located on his parents' property. While Daniels's trailer had electricity, the heating system was not sufficient during the winter months, so Daniels would sleep in his parents' home. Also, Daniels's trailer did not have running water, so he regularly showered in his parents' home or at a friend's house. Evidence was presented to the jury that on May 3, 2015, during an argument outside his parents' home, Daniels threw a beer bottle at his mother that broke when it hit the ground.

Daniels argues on appeal that the State failed to prove that he resided with his mother, thus negating the element that the act was between family or household members who resided together at the time of the assault or between persons who have been family or household members residing together within

---

[1] Daniels does not appeal from the harassment conviction.

the past year and are not residing together at the time of the assault. *See* Iowa Code §§ 236.2(a), (d), 708.2A(1) (2015). He admits an assault occurred.

The crux of Daniels's argument is that he does not reside with his mother because his trailer is merely located on the same property as his mother's home but is not, in fact, the same dwelling. He contends that his occasional use of his parents' home to shower and to sleep during winter months is insufficient to prove that they resided together. We disagree.

The record in this case provides substantial evidence that supports the jury's verdict that Daniels resided with his mother, supporting the jury's conclusion that the requisite "resided with" requirement had been met. Daniels's father testified that during the winter of 2014-15, Daniels slept in their home because it was too cold for Daniels to sleep in the unheated camping trailer. In addition, in a recorded jail phone conversation played to the jury, Daniels was heard to threaten his mother, saying, "I'm gonna be *home* to take care of you soon." (Emphasis added.) Having considered all of the record evidence in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence, we conclude sufficient evidence supports his conviction for domestic assault and uphold the verdict; we affirm.

**AFFIRMED.**